IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY L. SMITH,

        Petitioner,

v.                                 CIVIL ACTION NO. 5:05cv105
                                       (Judge Stamp)

KEVIN J. WENDT, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 28, 2005, the *pro se* petitioner, Gary L. Smith ["Smith"], an inmate at FCI-Gilmore,[1] filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking the expungement of disciplinary charges from his record, restoration of Good Conduct Time ("GCT") credits, and a credit towards any future phone suspensions. By Order entered on September 23, 2005, the respondent was directed to show cause why the petition should not be granted. On October 24, 2005, the Government filed a Response to the Order to Show Cause. Along with the response, the Government provided the Court with several exhibits, including: (1) the Declaration of Sharon Wahl; (2) Program Statement 5270.07, Inmate Discipline; (3) the Discipline Hearing Officer Report regarding Incident Report Number 1290604; and (4) Incident Report Number 1290604. On November 28, 2006, Smith filed objections to the response, and on April 30, 2007,

---

[1] Since the filing date, the petitioner has been moved to USP Coleman, which is located in Florida. However, this court continues to have jurisdiction over this matter.

Smith filed objections to the evidence submitted by the respondent. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

## II. **FACTS**

On December 9, 2004, an incident report was prepared charging Smith with a violation of prohibited act code 219, Stealing. (Doc. 6-5, pg. 4) The report indicated that on December 9, 2004, an investigation was completed into Smith's misuse of the electronic law library. The investigation indicated that during routine maintenance of the electronic law library, the reporting official noticed files, which were not approved for inmate use, had been saved in Smith's temporary internet file folder. The investigation also revealed that Smith had used the law library computer program to circumvent the security system on the electronic law library computer network. More specifically, Smith manipulated the Premise law program and had saved documents on the network hard drive by accessing unauthorized areas of the network server, thus stealing government computer resources. Finally, the level of access Smith was able to obtain allowed him to possibly destroy the entire electronic law library. The reporting official noted that Smith appeared to be trying to gain control of the computer network, thus causing disorder in the operation of the institution. A copy of the incident report was delivered to Smith that same day. (Id.).

A Unit Discipline Committee ("UDC") hearing was held on December 14, 2004. (Dckt. 6-5, p. 6). At the hearing, Smith made the following statement: "I have yet to see what evidence is against me. Mr. Rich's[2] assessment of the situation is incorrect. I didn't do what I am charged with." (Id.).

Because greater weight was given to the officer's statement, the UDC referred the charges to the Discipline Hearing Officer (DHO) for further hearing with a recommendation for the loss of

---

[2]Mr. Rich is a teacher and was the reporting employee.

Good Conduct Time ("GCT"), commissary and phone privileges. (Id.) By hearing form, dated December 14, 2005, Smith was advised of rights with regard to the disciplinary hearing. Smith indicated that he did not wish to have a staff representative and did not wish to call any witnesses. (Dckt. 6-5, p. 7).

The DHO hearing was held on December 29, 2004. At the hearing, Smith denied the charges, stating that: "I didn't do that. I was trying to access the 'help' file and it kept giving me links. (Dckt. 6-5, p. 1). The DHO found that Smith had committed the prohibited act as charged. In reaching her decision, the DHO considered the Incident Report; a Memorandum from the reporting official, D. Rich; a Memorandum from Smith's Case Manager, G. Copeland; a one page handwritten document from Smith; a copy of the internet files from Smith's directory; and a copy of the "Access is denied" printout. The DHO sanctioned Smith to 30 days of disciplinary segregation, forfeiture of 27 days good conduct time, and loss of telephone privileges for six months (Dckt. 6-5, pg 2)..

Smith filed an appealed the Incident Report to both the Regional and Central Office levels. The appeal was denied. (Dckt.6-2. P. 1). Thereafter, Smith filed the instant §2241 petition.

### III. **CONTENTIONS OF THE PARTIES**

Smith claims the evidence does not support the guilty verdict by the DHO. He further claims that it would have been impossible for him to have had anything to do with the files which the BOP claims he saved because the last access date was prior to his arrival at FCI Gilmer.

The Government contends that the petition should be dismissed with prejudice or in the alternative that judgment be entered in its favor because:

(1) Smith was provided all of the Due Process Rights required by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974) regarding the disciplinary hearing; and

(2) Smith's claim that the DHO's findings are insufficient to support the charges are without merit.

### IV. ANALYSIS

The Due Process Clauses of the Fifth and Fourteenth Amendments provide that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. V and XIV, §1. A liberty interest is involved in the instant case as Smith was denied good time credit. See Young v. Kann, 926 F.2d 1396, 1399 (3rd Cir. 1991 (a federal prisoner "has a constitutionally protected liberty interest in good time credit").

In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court addressed the due process that must be provided during a prison disciplinary proceeding. According to the Supreme Court, due process requires as follows:

(1) giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

(2) providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

(3) allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

(4) permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

(5) providing impartial fact finders.

Id. at 564-571. The information before the Court reveals that Smith was provided due process as contemplated by Wolff.

First, Smith received written notice of the charges at least 24 hours in advance of the DHO hearing. More particularly, Smith received a copy of the incident report on December 9, 2004, and the DHO hearing was on December 29, 2004. Second, Smith was provided a written statement by the DHO as to the evidence relied on and the reasons for the disciplinary action. The DHO report, dated December 30, 2004, notes that the specific evidence relied upon to support the finding of stealing was the memorandum from the reporting officer; the memorandum from Smith's case manager; Smith's own handwritten document; copies of the temporary internet files from Smith's directory; and copies of the "access is denied" printouts. Finally, the report explains the reason for the disciplinary action. More specifically, the report states that "[t]he action on the part of any inmate to steal anything creates the potential for conflict between individuals, which interferes with the effective operation of the institution. Stealing cannot and will not be tolerated in this environment." (Dckt. 6-5, p. 3). Third and fourth, Smith waived both his right to call witnesses and to have an inmate representative. Finally, based upon the record before the Court, the undersigned finds that the DHO report does not reveal any bias and that there is no justification for finding the DHO was biased.

Not only was Smith provided all the due process rights required by Wolff, the findings made by the DHO are sufficient to support the finding that Smith violated code 219, stealing. The Supreme Court held in Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985) that "[t]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." The Supreme Court further stated:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." Ascertaining whether this standard

is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

In reaching her decision, the DHO considered the Incident Report, the documentary evidence and the testimony of Smith, himself. Although Smith denied the charges, the DHO did not find his statement credible.[3] As she noted in her decision, the DHO found that Smith had an extensive knowledge of computers and programs,[4] and that he was able to retrieve the Server Administrator Internet Protocol Address. Given the internet files from Smith's directory and the "access is denied" printouts, there was "some evidence" to support a guilty finding in this case, and the DHO's decision must therefore stand.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

---

[3]In his petition to this Court, Smith notes that the internet files in question were last accessed on September 10, 2006, before he arrived at FCI Gilmer. However, as the memorandum from D. Rich explains, Smith was **attempting** to access Internet Explorer, which is not an acceptable use of the law library computers. Each time he tried and failed, his log recorded an error. In addition, he attempted to access areas of the law library server that are reserved for administrator use only. While the rest of the inmate population has an account six of approximately 200-400 kilobytes of data, Smith's activities caused his account size to increase to approximately 5000 kilobytes of data. Thus, his activities stole some of the hard drive memory for his personal use.

[4]In fact, the petitioner was a professional computer programmer for the fifteen years immediately preceding his incarceration.

objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: August 13, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE