IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY L. SMITH,

    Petitioner,

v.                                             Civil Action No. 5:05CV105
                                                              (STAMP)

KEVIN J. WENDT, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION**

I. Procedural History

Currently pending before this Court and ready for disposition is the application for habeas corpus filed by pro se[1] petitioner Gary L. Smith pursuant to 28 U.S.C. § 2241. The petitioner was found guilty by a Bureau of Prisons ("BOP") Discipline Hearing Officer of violating BOP Prohibited Act Code 219, Stealing. Specifically, the petitioner was found guilty of stealing computer resources by gaining unauthorized access to a network server and saving documents on the network hard drive. As punishment, the petitioner lost good-conduct time and commissary and phone privileges. In his § 2241 application, the petitioner seeks expungement of the disciplinary charges from his record, restoration of good-conduct time, and credits toward any future

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

phone suspensions. The petitioner exhausted his administrative appeals, which were denied. This action followed.

Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to United States Magistrate Judge James E. Seibert for a report of proposed findings and recommended disposition. After reviewing the parties' pleadings, Magistrate Judge Seibert entered a report which recommends that the petitioner's § 2241 application be denied and dismissed with prejudice because the petitioner's due process rights were adequately protected and because the evidence upon which the Discipline Hearing Officer relied to reach her findings supports a conclusion that the petitioner violated BOP Prohibited Act Code 219, Stealing.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed a motion for an extension of time in which to file objections, which this Court granted. Under the extended deadline, objections were due on or before September 14, 2007. The petitioner filed objections late, on September 20, 2007. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

II. Facts

On December 9, 2004, the BOP completed an investigation into the petitioner's misuse of the electronic law library which indicated that the petitioner's temporary internet file folder contained certain files to which access by inmates was prohibited. The investigation also indicated that the petitioner had gained access to unauthorized areas of the network server to manipulate the premise law program and to save documents on the network server. According to the results of the investigation, the petitioner had gained a level of access potentially allowing him to destroy the entire electronic law library. The investigation determined that the petitioner, by gaining access to and saving documents on the network server without authorization, had stolen government computer resources. An incident report charging the petitioner with violating BOP Prohibited Act Code 219, Stealing, was prepared and delivered to the petitioner on the date the investigation was completed.

Subsequently, a Unit Discipline Committee ("UDC") held a hearing on the results of the investigation, which were set forth in the December 9, 2004 incident report. The petitioner attended that hearing and denied any wrongdoing. The UDC then referred the charges the Discipline Hearing Officer ("DHO") for further proceedings. The petitioner was provided with a hearing form advising him of his rights concerning the disciplinary hearing.

The petitioner declined the assistance of a staff representative and indicated that he did not wish to call any witnesses.

At the disciplinary hearing, the petitioner continued to deny any wrongdoing. To determine whether the petitioner was guilty of the charged violation, to DHO relied upon the incident report; a memorandum from the official who reported the incident; a memorandum from the petitioner's case manager; a one-page, handwritten document from the petitioner; a copy of the internet files from the petitioner's directory; and a copy of a computer printout with the words "Access is denied." Based upon this evidence, the DHO found that the petitioner had committed the proscribed act as charged. The DHO imposed a sanction of thirty days of disciplinary segregation, forfeiture of twenty-seven days of good-conduct time, and loss of telephone privileges for six months.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Generally, failure to file timely objections permits review of the report and recommendation under a clearly erroneous

standard. See United States v. Johnson, 859 F.2d 1289, 1294 (7th Cir. 1988). However, a court may consider untimely objections where such objections are not egregiously late and where they have caused no prejudice to the adverse party. Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994).

In this case, the petitioner filed untimely objections, even after this Court granted an extension of time for filing such objections. The petitioner failed to offer any reason for the late filing. Therefore, the standard of review in this case should be for clear error. However, this Court finds that the late filing of objections was not egregious, and that the defendant has not been unfairly prejudiced by the delay. Accordingly, this Court will conduct a de novo review of those portions of the report and recommendation to which the plaintiff has objected. This Court will review for clear error any portions to which no objection was made.

## IV. Discussion

In his application for habeas corpus, the petitioner argues that the evidence presented at the disciplinary hearing was insufficient to support a finding of guilt. Additionally, he argues that the last date the unauthorized files were accessed occurred before his arrival at the correctional facility where the access was gained, and that, therefore, the petitioner could not have committed the violation with which he is charged.

In response, the defendant asserts that the petitioner's due process rights were adequately protected under the standards set forth in <u>Wolff v. McDonald</u>, 418 U.S. 539 (1974). The defendant also contends that the evidence upon which the DHO relied is sufficient to support a finding of guilt for the violation charged.

The magistrate judge found the petitioner's disciplinary hearing comported with the due process rights afforded inmates under <u>Wolff v. McDonald</u>, 418 U.S. 539 (1974), and that the evidence upon which the DHO's findings are grounded is sufficient to sustain a finding of guilt for the violation with which the petitioner was charged. For these reasons, the magistrate judge recommended that the petitioner's § 2241 petition be denied and dismissed with prejudice.

A.  <u>Due Process</u>

The due process an inmate must be afforded during a prison disciplinary hearing involving the loss of good-conduct time credit requires that the prisoner be provided:

(1) written notice of the charges at least twenty-four hours before the disciplinary hearing;

(2) a written statement by the fact finders describing the evidence relied upon and the reasons for the disciplinary action;

(3) an opportunity to call witnesses and present documentary evidence in defense against the charges, when such opportunity presents no undue hazard to institutional safety or correctional goals;

(4) the opportunity to be represented or aided by a fellow inmate, or if that is prohibited, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or if the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

(5) impartial fact finders.

Id. at 564-71.

The petitioner raises no objections to the magistrate judge's determination that the petitioner was afforded adequate due process relating to the disciplinary hearing, and this Court find no clear error in that part of the report and recommendation. As required by Wolff, supra, the petitioner received notice of the charges at least twenty-four hours before the disciplinary hearing; he was provided with a written statement by the fact finders regarding the evidence on which they relied and stating the reasons for the disciplinary action imposed. Additionally, the prisoner was given an opportunity, which he declined, to call witnesses, to present evidence in his defense, and to have a staff or inmate representative. Finally, nothing upon the record suggests that the hearing was conducted by a biased fact finder. Accordingly, the magistrate judge's findings contain no clear error and the petitioner's due process claims must be dismissed.

B.  Sufficiency of Evidence

As to those portions of the report and recommendation to which the petitioner has objected, this Court has conducted a de novo review of the record and concludes that the evidence presented at the hearing was sufficient to find the petitioner guilty of the charged violation, BOP Prohibited Act Code 219, Stealing. In his objections, the petitioner states that the magistrate judge erred by failing to recognize that the information saved in temporary internet files is managed by a computer, not a human, and that the petitioner had no control over when a web browser, such as Internet Explorer, uses, saves, or deletes a temporary internet file without the user's knowledge. The petitioner argues that in light of this automated function, he should have been charged with violating BOP Prohibited Act Code 208, Unauthorized Access to Security Device, instead of BOP Prohibited Act Code 219, Stealing. These arguments lack merit.

The applicable standard for determining whether the evidence presented at the disciplinary hearing was sufficient is "some evidence." See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Under this standard, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. Here, the DHO considered the incident report, the documentary evidence, and the petitioner's testimony. She also considered the petitioner's fifteen years of experience as a computer programmer.

The documentation in the record shows that the petitioner attempted to access prohibited areas, including Internet Explorer and areas of the law library server reserved for administrator use only. It also shows that the petitioner's account contained approximately 5000 kilobytes of data, as compared to an average inmate account size of approximately 200 to 400 kilobytes of data. This documentation constitutes "some evidence" that the petitioner violated BOP Prohibited Act Code 219, Stealing by appropriating some of the hard drive memory of the BOP computer for his personal use. Accordingly, this Court finds that the evidence upon which the DHO relied is sufficient for sustaining a finding of guilt for the violation of BOP Prohibited Act Code 219, Stealing.

## V. Conclusion

Based upon a clearly erroneous standard applied those portions of the report and recommendation to which the petitioner did not object and based upon de novo review of the record applied to those portions of the report and recommendation to which the petitioner did object, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the petitioner's § 2241 application for habeas corpus is DENIED and DISMISSED WITH PREJUDICE. In addition, it is hereby ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 17, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE